E-FILED
Monday, 23 December, 2019 04:12:33 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| GENTLEMEN GAMING, LTD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:19-cv-01240 |
| CITY OF EAST PEORIA, TY LIVINGSTON *as Zoning Administrator*, & ZONING BOARD OF APPEALS *for East Peoria*, | ) |
| Defendants. | ) |

## ORDER & OPINION

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim and attendant memorandum (Docs. 10, 11) and Plaintiff's response thereto (Doc. 14). On November 5, 2019, the Court requested supplemental memoranda from the parties; they timely complied with that request (Docs. 16, 17). The Motion is now ripe for review. For the following reasons, Defendants' Motion is granted.

### BACKGROUND[1]

The parties have been embroiled in disputes over the property at issue for some time now. (*See* Docs. 4 at 3–12, 11-1, 11-2, 11-3). The Court will limit this section to the procedural history relevant to this decision.

---

[1] These facts are drawn from the Complaint and the administrative record attached to Defendants' Response and are presumed true for the purpose of this Opinion. A district court "may consider documents attached to the pleadings so long as the documents are referred to in the complaint and central to the plaintiff's claims." *Doe*, 933 F.3d at 854 (citing *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014)). The administrative record is central to Plaintiff's claims herein, and Plaintiff's

On April 1, 2019, the Defendant Ty Livingston, Zoning Administrator, issued a Notice of Violation to Plaintiff Gentlemen Gaming, LTD, on behalf of Defendant City of East Peoria. (Doc. 11-1 at 24).[2] The Notice stated:

> YOU ARE HEREBY NOTIFIED that as of the date of this notice, the above-listed property is in violation of Section 5-10-3 of the East Peoria Zoning Code . . . as you are causing, permitting, or allowing a junkyard; the processing of mineral products, including stone and gravel; and the outdoor storage of materials, goods or products to exist on the Property without a special use permit.

(Doc. 11-1 at 24).

Plaintiff timely appealed the Zoning Administrator's decision to Defendant East Peoria Zoning Board of Appeals (ZBA). The ZBA held a public hearing on the matter, at which Plaintiff's attorney presented evidence and argument and examined witnesses. (Doc. 11-1 at 4, 6–13). The evidence included photographs of the property at issue, which depicted, *inter alia*, several inoperable motor vehicles; piles of tires; sheet metal and rusty metal objects and strips; piles of wood, trees, and brush; and piles of concrete with rebar located on the property. (Doc. 11-1 at 37–49; Doc. 11-2 at 1–8). After hearing the evidence and argument, the ZBA went into closed session to discuss the matter; upon reentering open session, the ZBA unanimously voted to uphold the violation. (Doc. 11-1 at 13–14). A written decision outlining the ZBA's decision was subsequently issued. (Doc. 11-3 at 33–35).

---

Complaint repeatedly refers the administrative record. Further, Plaintiff explicitly requested the administrative record be attached to Defendants' responsive pleading. (Doc. 4 at 10). Given these circumstances, the Court finds it may consider the administrative record in deciding this Motion without converting it to a motion for summary judgment. *See id.*; Fed. R. Civ P. 12(d).

[2] The administrative record contains identical notices dated March 28, 2019, and April 1, 2019. (Doc. 11-1 at 24, 35).

## LEGAL STANDARD[3]

"To survive a motion to dismiss the complaint must 'state a claim for relief that is plausible on its face.'" *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires the plaintiff to "plead particularized factual content, not conclusory allegations, that allows the court to plausibly infer the defendant is liable for the alleged misconduct." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The complaint "must give enough details about the subject matter of the case to present a story that holds together." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Additionally, the court "accept[s] all well-pleaded facts as true and draw[s] all reasonable inferences in favor of the plaintiff." *Doe*, 933 F.3d at 854.

## DISCUSSION

Plaintiff raises several federal and state claims respecting the administrative procedure below. Defendants argue each should be dismissed. The Court will address each claim in turn.

### I. Procedural Due Process Claims – Counts I and II

Counts I and II of Plaintiff's Complaint challenge different aspects of the administrative proceeding below on procedural grounds. In Count I, Plaintiff alleges

---

[3] It bears noting that Plaintiff's Response cites—multiple times—the formerly oft quoted "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), as the applicable standard. (Doc. 14 at 2, 5). This language was directly and expressly abrogated by *Twombly* more than a decade ago; it is no longer an accurate statement of law. 550 U.S. at 562–63.

he was not "afforded the due process of the due process of law in violation of Fourth,[4] Fifth and Fourteenth Amendments of the U. S. [sic] Constitution" because the Zoning Administrator did not cite the specific provision of the zoning code Plaintiff was accused of violating.[5] (Doc. 4 at 6). In Count II, Plaintiff alleges the ZBA's decision to discuss the merits of his appeal in closed session deprived him of due process. (Doc. 4 at 7).

"Procedural due process claims require a two-step analysis. The first step requires [the court] to determine whether the plaintiff has been deprived of a protected interest;[6] the second requires a determination of what process is due."

---

[4] Throughout his Complaint, Plaintiff refers to the Fourth Amendment in conjunction with his due process claims. Due process is guaranteed by the Fifth and Fourteenth Amendments. Relevant here is the Fourteenth Amendment, which applies to state entities, unlike the Fifth Amendment, which is limited to federal entities. The Fourth Amendment protects against unreasonable searches and seizures; Plaintiff makes no claim of an unreasonable search or seizure and alleges no facts demonstrating any search or seizure occurred, let alone an unreasonable one. Any claim based on the Fourth Amendment is therefore dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

[5] The Notice specifically states: "the above-listed Property is in violation of Section 5-10-3 of the East Peoria Zoning Code . . . as you are causing, permitting, or allowing a junkyard; the processing of mineral products, including stone and gravel; and the outdoor storage of materials, goods or products to exist on the Property without a special use permit." (Doc. 11-1 at 35). Section 5-10-3(b)(1) requires a special use permit to use M-2 property for any special uses allowed in M-1 property, which include junkyard use, while Section 5-10-3(b)(6) and (11) require a special use permit to extract and process mineral products including stone, gravel, and cement and to store materials, goods, or products outdoors within the boundary of a scenic area, respectively. One need only glance at Section 5-10-3 to discern the specific subsections the Notice relies on. The allegation that the Notice failed to indicate "what exactly the Plaintiff violated" thus teeters on untruthful and risks violation of Federal Rule of Civil Procedure 11(b).

[6] Defendants do not argue Plaintiff lacks a protected interest here; indeed, property owners have a legitimate interest in how zoning decisions affect their property, *see*

4

*Doherty v. City of Chi.*, 75 F.3d 318, 322 (7th Cir. 1996). "[T]he procedures 'due' in zoning cases are minimal," and individuals "contending that state or local regulation of the use of land has gone overboard must repair to state court." *River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 166, 167 (7th Cir. 1994).

> This is not because the [individual] must "exhaust" state remedies; nor does this requirement reflect the rule of [*Parratt v. Taylor*, 451 U.S. 527 (1981)], that a random and unauthorized departure from a state's ordinary procedures must be protested to state court, *see* [*Zinermon v. Burch*, 494 U.S. 113 (1990)]; rather the idea in zoning cases is that the due process clause permits municipalities to use political methods to decide, so that the only procedural rules at stake are those local law provides, and these rules must be vindicated in local courts.

*Id.* The Seventh Circuit has time and again held Illinois law and procedures provide adequate process for zoning matters. *See, e.g.*, *id.* at 167; *Doherty*, 75 F.3d at 324.

Even if the Notice of Violation was defective, Plaintiff was nevertheless afforded all the process that was due. In fact, Illinois provides far more process in zoning cases than is due under the U.S. Constitution. *See River Park*, 23 F.3d at 166. Plaintiff received a citation and properly appealed that citation to the ZBA, to which Plaintiff raised the notice claim. Plaintiff then could have sought administrative review of the ZBA's decision in state court. East Peoria Code of Ordinances § 5-11-3(d); 65 ILCS 5/11-13-13; *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 159 (1997) ("Pursuant to the Illinois Administrative Review Law . . . judicial review . . . lies in state circuit court.").

---

*River Park Inc. v. City of Highland Park*, 23 F.3d 164, 166 (7th Cir. 1994). This Opinion will thus focus on the process due here.

That Plaintiff chose not to avail itself of the readily available state-court review does not render the procedural scheme constitutionally inadequate. *Dusanek v. Hannon*, 677 F.2d 538, 543 (7th Cir. 1982) ("[A] state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them."). Rather, that fact when coupled with the fact Plaintiff avoids commenting on the availability of state-court review altogether is fatal to Plaintiff's procedural due process claims. *Leavell v. Ill. Dep't of Nat. Res.*, 600 F.3d 798, 805 (7th Cir. 2010) ("If the plaintiff has not availed herself of state remedies, she cannot state a valid procedural due process objection . . . if [she] does not include a challenge to the fundamental fairness of the state procedures." (citation and quotation marks omitted; alterations in original)).

Regarding Count II alone, the Fourteenth Amendment does not require an adjudication or hearing of any kind in zoning cases. *River Park*, 23 F.3d at 166 (citing *Coniston Corp. v. Vill. of Hoffman Estates*, 844 F.2d 461, 467–68 (7th Cir. 1988)). Consequently, an alleged violation of the Illinois Open Meetings Act during such a hearing does not give rise to a federal due process claim. *Id.* at 166–67 ("Failure to implement state law violates that state law, not the Constitution[.])".

For these reasons, Counts I and II are dismissed with prejudice, as they fail as a matter of law. Plaintiff has not and cannot demonstrate the available process was constitutionally inadequate.

## II. Vagueness Claim – Count VI

Count VI contains a facial challenge to the ordinance(s) supporting Plaintiff's violation for operating a junkyard without a special permit.[7] (Doc. 4 at 11; Doc. 14 at 6–10). Contrary to Defendants' argument that this is an improper forum within which to bring Plaintiff's vagueness claim (Doc. 11 at 12), a facial challenge to an allegedly unconstitutional zoning ordinance is certainly a matter which can be resolved in this forum, *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 372 (1989) (*NOPSI*) ("It is, insofar as our policies of federal comity are concerned, no different in substance from a facial challenge to an allegedly unconstitutional statute or zoning ordinance—which we would assuredly not require to be brought in state courts.").[8] That Plaintiff could have likewise raised its vagueness claim before an Illinois state court does not itself make this Court an improper forum.

When considering whether an ordinance is unconstitutionally vague, "a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct." *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 (1982). If the ordinance implicates no constitutionally protected conduct, such as constitutionally protected speech, the vagueness challenge

---

[7] In its Complaint, Plaintiff also appears to make an as-applied claim. (Doc. 4 at 11). However, Plaintiff does not defend its as-applied claim against Defendants' Motion to Dismiss (Doc. 14 at 6–10), thus abandoning the claim, *see Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("We apply [the waiver] rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss."). The as-applied claim is therefore dismissed with prejudice.
[8] Defendants rely on *River Park* to argue Plaintiff's vagueness claim may only be raised in state court. However, that case involved challenges to zoning procedures. *See River Park*, 23 F.3d at 166. Count VI involves a challenge to the substance of the zoning ordinance at issue, not the procedures by which that ordinance was enforced.

7

must be rejected unless the ordinance is "impermissibly vague in all of its applications." *Id*. Moreover, "a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Id*. The reviewing court must therefore "examine the complainant's conduct before analyzing other hypothetical applications of the law." *Id.*; *see also Holder v. Humanitarian Law Project*, 561 U.S. 1, 18–19 (2010) ("We consider whether a statute is vague as applied to the particular facts at issue, for "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others."); *United States v. Bonin*, 932 F.3d 523, 537 (7th Cir. 2019) (summarily declining to entertain a vagueness claim where the complainant's conduct was "clearly proscribed" by the statute at issue).

Plaintiff does not allege infringement of constitutionally protected conduct; it instead challenges the ordinance "in a manner that any property owner might so do irrespective of a particular property use or fundamental liberty," *see Civil Liberties for Urban Believers v. City of Chi.*, 342 F.3d 752, 767 (7th Cir. 2003). Consequently, Plaintiff's argument must be rejected unless the ordinance is impermissibly vague in all of its applications.

An East Peoria property owner must obtain a special use permit to use property as a junkyard. East Peoria Code of Ordinances, Section 5-10-3(b)(1), 5-10-2(b)(7), 5-11-10. "Junkyard" is defined as:

> any premises utilized for the storage, purchase, sale or exchange of junk, wire, or sheet material; old iron, brass, copper, tin or lead; junk motor vehicles or parts thereof; ranges, old rope, paper or bags, bones, glass or empty bottles; or any articles or things composed of or consisting of any

8

combination of any one (1) or more of the materials or articles mentioned in this definition; provided, however, that the term, junkyard shall not include use of a person's residence for what is commonly known as a garage sale or yard sale, nor shall such term include use of any premises by a not-for-profit religious or veterans organization for the purpose of conducting what is commonly known as a rummage sale; provided further that such garage, yard or rummage sale shall not be continued for a period in excess of five (5) days, and shall not occur with respect to the same premises more frequently than once every ninety (90) days.

East Peoria Code of Ordinances, Section 5-2-3. "Junk motor vehicle" is defined as "any wrecked, damaged, disabled, or inoperable automobile, bus, truck, or other motor vehicle, or any used part thereof." *Id*.

Exhibit 10, submitted in the administrative hearings below, consists of several photographs depicting, *inter alia*, discarded metal waste and what appears to possibly be rusted sheet tin (Doc. 11-3 at 4), piles of inoperable small, medium, and large metal machines/items (Doc. 11-3 at 5), and piles of discarded wood and brush (Doc. 11-3 at 2).[9] The only word that comes to mind to describe the items contained in these pictures is: junk.[10] Moreover, the strips of rusty metal also reasonably fall into the category of "sheet material."

---

[9] In the administrative proceedings below, Plaintiff asked the ZBA to only consider the pictures contained in Exhibit 10, as they were the most recent; the other pictures depicted the property years before and much of the items depicted in those pictures had been removed from the property prior to the instant Notice. (Doc. 11-1 at 6).

[10] Contrary to Plaintiff's suggestion that "junk" cannot be defined because "one man's junk is another man's treasure," the term junk is defined in most, if not all, English dictionaries. For example, Merriam-Webster's online dictionary defines junk as "old iron, glass, paper, or other waste that may be used again in some form," "secondhand, worn, or discarded articles" and clutter. https://www.merriam-webster.com/dictionary/junk (accessed on Dec. 20, 2019). The Oxford English Dictionary defines junk as, *inter alia*, "[o]ld or discarded items or materials that may be reused or recycled, such as used clothing, bottles, scrap metal, worn-out machinery, etc.; (sometimes simply) waste, refuse, rubbish" and "[a]ny objects,

9

In short, the items stored on Plaintiff's property, depicted in Exhibit 10, clearly bring the property within the definition of junkyard as defined by the East Peoria Code of Ordinances. (Doc. 11-1 at 37–49; Doc. 11-2 at 1–8). Consequently, Plaintiff cannot now claim the relevant ordinances are unconstitutionally vague. *Flipside*, 455 U.S. at 494. The void-for-vagueness claim is therefore dismissed with prejudice because it fails as a matter of law.

## III. State Law Claims – Counts III, IV, and V

Plaintiff's remaining claims arise under state law. (Doc. 1 at 2, 8–10). Because the Court has dismissed all federal claims with prejudice, it is presumed the Court will dismiss the state claims without prejudice. *See RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). That "presumption is rebuttable, 'but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law.'" *Id.* (quoting *Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996)). Two of the three established circumstances that may rebut the presumption are easily disposed of here; substantial judicial resources have not been committed to this case—it is being dismissed at the earliest stage of litigation—and the Court does not believe it is absolutely clear how the state claims will be decided. *See id.* at 480. However, it is

---

possessions, etc., which are considered to be of little or no use or value, or which make a place cluttered." https://www.oed.com/view/Entry/102090?rskey=EfLKs3&result=1#eid (accessed on Dec. 20, 2019). These definitions reflect the common understanding of the term junk and clearly encompass the items depicted in Exhibit 10. And, of course, the challenged ordinance contains its own definition of the term "junkyard," implicitly defining "junk" as well.

10

unclear whether any applicable statute of limitations has run, an issue which has not been addressed to the Court. As such, the Court will dismiss the claims without prejudice but will entertain a timely motion to reconsider should Plaintiff believe the presumption of dismissal is rebutted by a statute of limitations issue here.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 10) is GRANTED. Counts I, II, and VI are DISMISSED WITH PREJUDICE, and Counts III, IV, and V are DISMISSED WITHOUT PREJUDICE. Case TERMINATED.

SO ORDERED.

Entered this 23rd day of December 2019.

                                                                   s/ Joe B. McDade
                                                             JOE BILLY McDADE
                                       United States Senior District Judge